UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRASHUNDON LEWETTE KING, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-05-1711 |
| § | |
| DOUGLAS DRETKE, § | |
| § | |
| Respondent. § | |

**MEMORANDUM ON DISMISSAL**

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. For the reasons stated below, this Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges a parole revocation proceeding. Petitioner does not state the date on which the revocation hearing occurred. He filed a state writ application challenging the parole revocation. He reports that the Texas Court of Criminal Appeals reached a final decision on his application on November 30, 1999. Petitioner filed this federal application on May 12, 2005.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(West 1996).

A finality analysis under subsection (d)(1)(A) is not appropriate here because Petitioner does not directly challenge his state court conviction or sentence. *See Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir.2002) ("Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody. This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out."). Subsection 2244(d)(1)(D) controls Petitioner's attack on his parole revocation. *Id*. Under that subsection, the limitations clock does not start until the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner was or should have been aware of the facts of his claims by the time his state writ application challenging the parole revocation was disposed. Using that date,

November 30, 1999, as the start of the limitation period renders this federal application untimely.  Petitioner filed this federal application on May 12, 2005, more than five years after the factual predicate of his claims could have been discovered through the exercise of due diligence.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243.  Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner's federal application is time barred. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). For this reason, this Court finds that a certificate of appealability should not issue.

SIGNED the 28th day of May, 2005.

David Hittner
United States District Judge